IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR.,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER TYLER ALBRECHT et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &<br>ORDER TO CURE DEFICIENT<br>AMENDED COMPLAINT**<br><br>Case No. 2:19-CV-375-JNP<br><br>District Judge Jill N. Parrish |

  Plaintiff, Ronald Joseph Jones Jr., brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2020),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Amended Complaint, (ECF No. 19), under its statutory review function,[2] the Court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2020).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2020).

## COMPLAINT'S DEFICIENCIES

Complaint:

(a) does not properly affirmatively link Defendant Skanchy to specific civil-rights violations. (See below.)

(b) improperly names a judge as a defendant, apparently without considering judicial immunity. (See below.)

(c) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly

4

> important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id.* at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

- **Judicial Immunity**

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The judge here very well may have been acting in a judicial capacity in presiding over Plaintiff's case; if so, such actions are entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

- **False-Arrest Claim**

In the Tenth Circuit, "the state tort law of false arrest . . . provides a starting point for analyzing a corresponding claim under § 1983." *Jackson v. N.M. Pub. Defender's Office*, 361 F. App'x 958, 964 (10th Cir. 2010) (unpublished); *see Smith v. Plati*, 258 F.3d 1167, 1174 (10th

5

Cir. 2001). In Utah, "[p]robable cause is often the critical issue in litigation involving false arrest." *Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 23. Utah's probable-cause standard requires an objective review of law enforcement actions, "asking whether from the facts known to the officer, and the inferences [that can] fairly . . . be drawn therefrom, a reasonable and prudent person in [the officer's] position would be justified in believing that the suspect had committed the offense." *Id.* ¶ 24 (quotation marks and citations omitted) (alterations in original).

Therefore, to state a claim upon which relief may be granted, Plaintiff must allege that facts known to Defendant Albrecht, along with any fair inferences to be derived from those facts, would *not* lead a "reasonable and prudent person in the officer's position" to be "justified in believing that the suspect had committed the offense." *Id.* (quotation marks and citations omitted).

- **Slander Claim**

The Court could construe Plaintiff's slander claim as a claim for violation of his Fourteenth Amendment right to be free from malicious prosecution and/or of his Fourth Amendment right to be free from false arrest. *See Birch v. City of Atchison*, No. 2:19-CV-2156-JAR, 2020 U.S. Dist. LEXIS 98905, at * (D. Kan. June 5, 2020). Still, Plaintiff already raises a false-arrest claim, so such an interpretation would be redundant. And, Plaintiff seems to indicate that he was not prosecuted, so malicious prosecution may not be a valid cause of action either.

Perhaps Plaintiff instead means this claim to implicate state law and, if so, should specify. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional violation."); *see Howard v. Douglas Cty. Jail*, No. 09-3085-SAC, 2009 U.S. Dist. LEXIS 44867, at *2-3 (D. Kan. May 28,

2009) (stating slander or defamation allegations are state-law claims); *Fajri v. Corr. Corp. of Am.*, No. 03-3202-SAC, 2007 U.S. Dist. LEXIS 15843, at *7 (D. Kan. Feb. 20, 2007); *Newman v. Ade*, No. 06-3179-SAC, 2006 U.S. Dist. LEXIS 47685, at *3 (D. Kan. July 13, 2006).

Plaintiff should keep in mind that, if he brings slander or defamation as a state-law claim, the Court could take jurisdiction over the claim only as a matter of "pendent jurisdiction," a doctrine that allows "district courts to hear [state-law] claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Thornton v. GEO Grp., Inc*. No. CV 14-893 MCA/CG, 2016 U.S. Dist. LEXIS 140710, at 38-39 (N.M. Dist. May 16, 2016); *Estate of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1232 (D. Colo. 2016). Thus, if all Plaintiff's "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint."

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** Plaintiff shall not try to serve the Second Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint

warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2020) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(5)** Plaintiff's motion for service of process is **DENIED**. (ECF No. 20.) There is no valid complaint on file as of this Order.

      DATED this 17 day of September, 2020.

      BY THE COURT:

      /s/ Jill N. Parrish
      JUDGE JILL N. PARRISH
      United States District Court